RITA M. NETTLES
v.
DEAN OFFICES, L.L.C. AND THE CITY AND PARISH OF EAST BATON ROUGE.
No. 2007 CA 0096.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
CHAD DUDLEY, JEFF NICHOLSON, Counsel for Plaintiff/Appellee, Rita M. Nettles.
E. WADE SHOWS, CARL JACKSON, GWENDOLYN K. BROWN, Counsel for Defendants/Appellants, City of Baton Rouge.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
This is an appeal of the City of Baton Rouge/Parish of East Baton Rouge from a judgment that found in favor of appellee, Rita Nettles. For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
On February 1, 2004 Ms. Rita Nettles fell and broke her shoulder when she tripped over an uneven portion of a sidewalk owned and maintained by the City of Baton Rouge/Parish of East Baton Rouge. (city/parish) Ms. Nettles filed a suit for damages against the city/parish, among others. After a bench trial, the judge ruled in favor of Ms. Nettles and against the city/parish, awarding Ms. Nettles a total recovery of $31,077.05, representing general and medical damages. The trial court further found that Ms. Nettles had no contributory fault for the fall.
It is undisputed that Ms. Nettles fell on an uneven portion of sidewalk, that she was injured by the fall, and that the city/parish maintains the portion of the sidewalk where she fell. The city/parish does, however, dispute that the defect in the sidewalk created an unreasonable risk of harm, and that it had notice of the defect. In its appeal, the city/parish makes the following assignments of error:
1.) The trial court erred by finding that the condition of the sidewalk presented an unreasonable risk of harm;
2.) The trial court erred by rendering judgment in favor of the appellee when the evidence made clear that the city/parish had no notice of the defect;
3.) The trial court erred by finding that the city/parish was 100% at fault for appellee's damages.

LAW AND ANALYSIS
A party may recover damages from a public entity under a theory of negligence based on Louisiana Civil Code article 2315, or a theory of custodial liability based on article 2317, as modified or limited by article 2317.1 and La. R.S. 9:2800.
This court has recently held that "[t]he burden of proof is the same under either negligence or custodial liability. The plaintiff must prove: (1) the public entity had custody of the thing that caused the plaintiff's damages; (2) the thing was defective because it had a condition that created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time; and (4) the defect was a cause-in-fact of the plaintiff's injuries." Morgan v. City of Baton Rouge, XXXX-XXXX pp. 5-6 (La. App. 1 Cir. 4/4/07), 960 So.2d 1013, 1016, writ denied, XXXX-XXXX (La. 9/21/07), 964 So. 2d 342 (emphasis added).
The two-part test for appellate review of a factual finding is: (1) whether there is a reasonable factual basis in the record for the finding of the trial court; and (2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). "Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines the trial court's finding was clearly wrong." Morgan, 960 So.2d at 1016-1017, see Stobart v. State, through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La. 1993).
In the instant case, the parties do not dispute that the city/parish had custody of the sidewalk and that Ms. Nettles' trip over the sidewalk was a cause-in-fact of her injuries. Therefore, we need only look to whether the record supports the trial court's finding that the city/parish had either actual or constructive notice of the defective sidewalk and, if so, whether the defect created an unreasonable risk of harm.
A review of the record reveals that appellee presented no evidence to establish notice to the city/parish of the defect. To the contrary, Peter Newkirk, the Director of the Public Work Department, testified that there were no records of any prior complaints or accidents in that particular area. (R., pg. 283) Although Mr. Newkirk did testify that he was "sure [he] walked down there [Lafayette Street] at one time" (R., pg. 255), he was not asked and therefore did not testify as to when he may have walked down the street or whether he noticed any potential problem in that area.
Appellee argues that the photographs introduced at trial depict a condition that "is not a condition that occurred over night" although no testimony is offered to establish when the defect may have presented. Appellee argues that the city/parish should have discovered the defect because it should have had procedures in place to monitor the condition of its sidewalks. To the contrary, the supreme court has held that:
[t]he absence of a plan of inspection in no way shows or implies that an employee of the appropriate public entity has actual knowledge of a dangerous defect or condition. Indeed, quite the opposite is true; in the absence of other facts, such as recorded complaints about a defect, lack of a plan implies that employees of the public entity have no actual knowledge of dangerous defects or conditions. Thus, a holding that lack of a plan infers knowledge effectively eviscerates the notice requirement of La. R.S. 9:2800. Jones v. Hawkins, XXXX-XXXX p. 6 (La. 3/19/99), 731 So.2d 216, 220.
The trial testimony established conclusively that the city/parish utilizes a "complaint-driven" method regarding such conditions and the testimony is undisputed that no prior complaints had been lodged regarding the area in question. As such, because constructive notice requires the existence of facts from which actual knowledge can be inferred and no such facts exist in this case, the trial court's judgment against the city/parish is clearly wrong. Further, in light of our finding that the city/parish had no notice of the defect, we need not address whether the defect was unreasonably dangerous.

CONCLUSION
The judgment of the trial court is reversed. All costs of this appeal are assessed to appellee, Rita Nettles.
REVERSED.